IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

| | |
|---|---|
| PRIME HEALTHCARE SERVICES - LEHIGH ACRES, LLC, dba LEHIGH REGIONAL MEDICAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF FLORIDA, INC., and DOES 1 THROUGH 25, INCLUSIVE,<br><br>Defendants. | COMPLAINT AT LAW<br><br>Case No.<br><br>Division:<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF PRIME HEALTHCARE SERVICES - LEHIGH ACRES, LLC, dba LEHIGH REGIONAL MEDICAL CENTER'S COMPLAINT AT LAW**

1.  Plaintiff, PRIME HEALTHCARE SERVICES - LEHIGH ACRES, LLC, dba LEHIGH REGIONAL MEDICAL CENTER, (hereinafter "LRMC"), by and through its attorneys, LAW OFFICES OF STEPHENSON, ACQUISTO & COLMAN, for its Complaint at Law ("Complaint") against BLUE CROSS BLUE SHIELD OF FLORIDA, INC., (hereinafter "BCBSF") and DOES 1 THROUGH 25, INCLUSIVE, upon personal information as to their own activities and upon information and belief as to the activities of others and all other matters, and states as follows:

## INTRODUCTION

2.   This is an action against BCBSF for breach of express written contract between LRMC and BCBSF.  By this action, LRMC seeks compensatory damages, interest, and attorney's fees and costs.

## PARTIES

3.   PRIME HEALTHCARE SERVICES - LEHIGH ACRES, LLC, dba LEHIGH REGIONAL MEDICAL CENTER is a not-for-profit public benefit corporation organized and existing pursuant to the laws of the State of Florida. LRMC provided medical care to Patients (as such term is defined herein), BCBSF beneficiaries.  LRMC has its principal place of operation in the City of Lehigh Acres, County of Hillsborough, and State of Florida and is incorporated in the State of Florida.

4.   BCBSF is a domestic insurance company, incorporated in the state of Florida with its principal office located in City of Jacksonville, County of Duval.

5.   LRMC is unaware of the true names and capacities, whether corporate, associate, individual, partnership or otherwise of defendants DOES 1 through 25, inclusive, and therefore sues such defendants by such fictitious names.

LRMC will seek leave of the Court to amend this Complaint to allege the true names and capacities when ascertained.

6. BCBSF and DOES 1 through 25, inclusive, shall be collectively referred to as "BCBSF" or "Defendants."

7. Defendants, each of them, at all relevant times, have transacted business in the State of Florida. The violations alleged within this Complaint have been and are being carried out in the State of Florida.

8. At all relevant times each of the Defendants, including the Defendants named "Doe," was and is the agent, employee, employer, joint venturer, representative, alter ego, subsidiary and/or partner of one or more of the other defendants, and was, in performing the acts complained of herein, acting within the scope of such agency, employment, joint venture, or partnership authority, and/or is in some other way responsible for the acts of one or more of the other defendants.

## JURISDICTION AND VENUE

9. Jurisdiction over this matter exists under Fla. Stat. Ann. § 48.193 because LRMC is a resident of the State of Florida, and because BCBSF is a resident of the State of Florida and BCBSF's making and performance of the

transactions, express written contract and implied-in-fact contract at issue are substantially connected with the State of Florida. Further, under paragraphs 11 and 12 of the Contract (as such term defined herein) the parties expressly agreed to the jurisdiction of the Florida state courts with venue in Duval County, Florida.

10. Venue is proper in the Duval County pursuant to Fla. Stat. Ann. § 47.011 because it is the county in which the transactions occur out of which the cause of action arises and the county where Defendants reside. Further, under paragraphs 11 and 12 of the Contract (as such term defined herein) the parties expressly agreed to the jurisdiction of the state court in Duval County, Florida.

## FACTUAL BACKGROUND

11. LRMC, between the dates of October 5, 2016 and October 23, 2019, provided medically necessary treatment to the individuals identified on the spreadsheet attached as Exhibit A[1] to this Complaint (and which is incorporated herein by this reference as though set forth in full) (hereinafter the "Patients") totaling 254 claims.

12. LRMC is informed and believes and thereon alleges that at all relevant times Patients were beneficiaries of health plans sponsored, administered,

---

[1] LRMC has limited disclosure of patient identification here pursuant to the privacy provisions of the Health Insurance Portability & Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320 *et seq.*, Fla. Stat. Ann. § 456.057.

and/or funded by BCBSF.

13. Prior to all individual dates of service set forth in Ex. A, LRMC sought and received authorization for treatment from BCBSF. BCBSF gave the authorization and approved the medically necessary services rendered to Patients, and BCBSF approved admission of the Patients. In cases where authorization was not required, such as emergencies, LRMC provided the medically necessary care as required by state and federal law.

14. On the dates of service set forth in Ex. A, LRMC rendered medically necessary services, supplies and/or equipment to Patients until said Patients became stable for discharge from LRMC.

15. LRMC timely and properly submitted the bills containing said charges for the medically necessary services, supplies, and/or equipment rendered to Patients to BCBSF for payment.

16. BCBSF failed to pay LRMC fully, promptly and properly for the medically necessary services, supplies, and/or equipment rendered to said Patients, despite demands thereof.

17. BCBSF received premium payments for Patients' enrollment and coverage in BCBSF's respective health plans.

18. As a direct and proximate result of BCBSF's wrongful conduct, LRMC has suffered damages in an amount to be proven at trial but not less than the sum of $919,008.43 exclusive of interest.

## COUNT I – BREACH OF EXPRESS WRITTEN CONTRACTS

(Against Defendant BCBSF and DOES 1 through 25, inclusive)

19. LRMC incorporates by reference and re-alleges all prior paragraphs of this Complaint here as though set forth in full.

20. On or about February 1, 2016, in the City of Jacksonville, Duval County, Florida, LRMC entered into a Letter of Agreement For Hospital Services with BCBSF and Health Options, Inc., a redacted copy of which is attached as Exhibit B to this Complaint[2] (and which is incorporated herein by this reference as though set forth in full) (the "Contract") (the signature of BCBSF therein demonstrating acceptance by incorporation of BCBSF in part), in consideration of which BCBSF agreed to pay for the medically necessary services, supplies and/or

---

[2] Notwithstanding the forgoing, LRMC is willing to produce the full, unredacted copy of the subject exhibit contract during discovery, upon an agreement to and terms of an appropriately worded, Court-entered protective order. This exhibit contract contains confidential and privileged information reflecting competitive pricing, reimbursement methodology and proprietary information between LRMC and BCBSF. Certain portions of the exhibit consist of, reflect, and/or would tend to reveal confidential information and documents. LRMC's interests in maintaining the confidentiality of this information and documentation outweighs the public's interest in access to it. The Contract attached as an exhibit and referenced in the Complaint contains a confidentiality provision that requires the use of all reasonable endeavors to keep such information and documents strictly private and out of the possession of third parties who have not been authorized to obtain such information or documents. This document also contains trade secret and other private business information for which unfair business advantage may accrue to third parties.

equipment rendered to Patients to LRMC.

21. According to the Contract, LRMC agreed to render medically necessary care to individual enrollees of BCBSF plans. *See* Preamble and Attachment A of Ex. B. In exchange for the medically necessary services provided to BCBSF enrollees, BCBSF agreed to pay the respective LRMC entities the stated rates called for in the Contract. *See* § 3 and Attachment A of Ex. B.

22. At all relevant times, LRMC satisfied its obligations under the Contract. LRMC was a party to its Contract as a provider of medically necessary care for the benefit of Patients, as individual enrollees of BCBSF's health plans. In exchange, BCBSF agreed to pay LRMC the negotiated rate pursuant to the terms of the Contract for that care. *Id.*

23. Under the Contract, LRMC agreed to submit bills to BCBSF reflecting applicable codes related to those covered services provided by LRMC associated with rendering medically necessary care to the individual enrollee of BCBSF. *See* § 3 of Ex. B. In exchange, BCBSF agreed to process and pay such claims at a rate according to LRMC's Contract with BCBSF. *See* § 3 and Attachment A of Ex. B.

24. According to the Contract, BCBSF owes LRMC an outstanding total

of $919,008.43, after due credit is given for BCBSF's payment made of $483,397.29, for the medically necessary services rendered to Patients identified in Ex. A.

25. LRMC performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of its Contract with BCBSF.

26. LRMC demanded that BCBSF perform its obligations and pay it the amount due and owing under its Contract, for the medically necessary care it rendered to Patients.

27. However, BCBSF failed to pay LRMC the contracted amount due for the medically necessary care rendered to Patients despite demands thereof. In accordance with the terms of the Contract, LRMC engaged in BCBSF's internal provider appeal policy in order to resolve the dispute without the need for litigation. *See* § 11 of Ex. B. LRMC also complied with the negotiation timeline requirement of the contract and has now exhausted all available contractual and administrative remedies to appeal to BCBSF for reimbursement of the medically necessary care rendered to Patients. *Id.*

28. Despite demands thereon, BCBSF has refused to pay fully LRMC for

the medically necessary services rendered to Patients. As a direct and proximate result of BCBSF's breach of express written contract, LRMC has suffered damages in an amount to be proven at trial but not less than the sum of $919,008.43, exclusive of interest.

29. WHEREFORE, LRMC prays this Court enter judgment in its favor and against BCBSF as follows:

a) For the principal sum of $919,008.43;

b) For interest on such principal sum at the rate proscribed, pursuant to *SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320 (11th Cir.2007) (citing *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So.2d 212, 215 (Fla.1985), and Fla. Stat. Ann. § 55.03 and;

c) For court costs and reasonable attorney's fees as provided in Fla. Stat. Ann. § 57.041 and;

d) Grant such other and further relief as the Court deems just and proper.

Dated: 6/15/2020

Respectfully submitted,

LAW OFFICES OF
STEPHENSON, ACQUISTO
& COLMAN, INC.

By: /s/ _____

One of the Attorneys for Plaintiff
PRIME HEALTHCARE SERVICES
- LEHIGH ACRES, LLC, dba
LEHIGH REGIONAL MEDICAL
CENTER

Barry Sullivan, Esq. (1009364)
Marcus R. Morrow, Esq. (Pending)
LAW OFFICES OF STEPHENSON, ACQUISTO & COLMAN, INC.
20 N. Clark St., Suite 3300
Chicago, IL 60602
Phone: (312)-626-1870
Fax: (818)-559-5484
bsullivan@sacfirm.com
mmorrow@sacfirm.com