UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PRIME HEALTHCARE
SERVICES – LEHIGH
ACRES, LLC, etc.,

       Plaintiff,

v.                              CASE NO. 3:20-cv-988-MMH-JBT

BLUE CROSS BLUE SHIELD
OF FLORIDA, INC., et al.,

       Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss (Doc.

7), Plaintiff's Response thereto (Doc. 21), Plaintiff's Motion for Remand (Doc. 19),

Defendant's Response thereto (Doc. 22), and the parties' Supplemental Filings

(Docs. 34, 35, 36, 37).[2]   For the reasons set forth herein, the undersigned

respectfully **RECOMMENDS** that the Motion for Remand be **DENIED**, that the

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

[2] The Motions were referred to the undersigned for a report and recommendation regarding an appropriate resolution.  (Doc. 26.)

Motion to Dismiss be **GRANTED** to the extent that the Complaint (Doc. 4) be **DISMISSED without prejudice**, and that Plaintiff be given twenty days from the Court's order on this Report and Recommendation to file an amended complaint in accordance herewith.

## I.   Background

According to the Complaint, Plaintiff, a healthcare provider in Defendant's network of providers, and Defendant, a health insurer, had a contract establishing that Defendant would pay Plaintiff for certain medical services it provided to persons insured under Defendant's plans.[3]  (Doc. 4; Doc. 33 at 1.)  Plaintiff brought a one-count breach of contract Complaint in the Fourth Judicial Circuit Court, in and for Duval County, Florida alleging that Defendant failed to properly pay approximately 250 claims totaling approximately $919,008.43.  (Doc. 4.)  Plaintiff attached a spreadsheet to the Complaint which indicates that many claims were not paid at all, and that other claims were only partially paid.  (Doc. 4-1.)

Defendant removed the case to this Court on several bases, including complete preemption under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA").  (Doc. 1.)  In support, Defendant submitted evidence indicating that many patients whose claims are at issue were insured under ERISA plans.  (Doc. 2.)  Defendant then filed the Motion to Dismiss,

---

[3] Although not specifically alleged in the Complaint, the unredacted version of the subject contract makes clear that Plaintiff is an in-network provider for Defendant.  (Doc. 33 at 1.)

and Plaintiff filed the Motion for Remand.  (Docs. 7 & 19.)  Both motions raise similar arguments regarding, among other things, whether Plaintiff's state law breach of contract claim is completely preempted by ERISA.  The Court previously deferred rulings on both Motions and directed the parties to provide supplemental filings regarding the issue of complete preemption under ERISA, which they have now done. (Docs. 31, 34, 35, 36, 37.)

## II.     Motion for Remand

Plaintiff argues that this Court lacks subject matter jurisdiction because Plaintiff has pleaded only a single state law breach of contract claim that does not give rise to federal question jurisdiction.  (*See* Doc. 19.)  Defendant argues that federal question jurisdiction exists for several reasons, including that Plaintiff's claim is completely preempted by ERISA.  (Doc. 22 at 15–19.)  The undersigned recommends that this Court has subject matter jurisdiction over Plaintiff's claim because it is completely preempted by ERISA.[4]

### A.     Legal Principles

As the Eleventh Circuit has stated:

> On a motion to remand, the removing party bears the burden of showing the existence of federal subject matter jurisdiction.  The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint. . . .

_____

[4] Thus, the undersigned recommends that the Court need not address the other potential bases for federal jurisdiction and the arguments raised in connection therewith in the Motion for Remand.

> Complete preemption is a narrow exception to the well-pleaded complaint rule and exists where the preemptive force of a federal statute is so extraordinary that it converts an ordinary state law claim into a statutory federal claim. . . .
>
> Complete preemption under ERISA derives from ERISA's civil enforcement provision, § 502(a), which has such extraordinary preemptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.  Consequently, any cause[ ] of action within the scope of the civil enforcement provisions of § 502(a) [is] removable to federal court.

*Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1333–34 (11th Cir. 2009) (citations and quotations omitted).  "If . . . ERISA preempt[s] even some of Plaintiff's claims, the removal of this action to federal court was proper and this Court has jurisdiction."  *Baker Cty. Med. Servs. Inc. v. Blue Cross & Blue Shield of Fla., Inc.*, Case No. 3:18-cv-1510-J-20MCR, 2019 WL 5104773, at *3 (M.D. Fla. Sept. 18, 2019).

"A state law claim is completely preempted by ERISA only if two conditions are met: (1) the claimant could have sued under ERISA § 502(a)(1)(B) and (2) there is no other independent legal duty that is implicated by a defendant's actions . . . ."  *Id.* at *4 (quotations omitted) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)).

"The first prong of *Davila* is met if a plaintiff's claims are within the scope of ERISA, and a plaintiff has standing to sue under ERISA."  *Id.*  Regarding this prong:

> The first question is whether Plaintiff has standing, meaning it *could have* brought its claims under ERISA §

4

> 502(a)(1)(B).  The governing statute allows claims to be brought by a participant or beneficiary.  Generally, healthcare providers, such as Plaintiff, are not considered beneficiaries or participants and accordingly, lack standing to sue under § 502(a).  Nevertheless, they may have standing under ERISA where they derivatively assert rights of their patients as beneficiaries of an ERISA plan.  To advance a derivative lawsuit, a plaintiff must have obtained a written assignment of claims from a patient with standing to sue under ERISA.

*Id.* (citations and quotations omitted).

Once standing is established, "the question becomes whether the claims asserted by the Plaintiff fall[] within the scope of § 502(a)(1)(B)."  *Id.* at *5.  Specifically:

> A healthcare provider suing an insurer in these circumstances may raise two types of claims: a challenge to the "rate of payment" and/or a challenge to the "right of payment."  While ERISA will not necessarily preempt a "rate of payment" challenge, complete preemption results from a "right to payment challenge."

*Id.* (citations omitted).

If the first prong is met, "the Court turns to the second question under *Davila*: whether the Plaintiff's claims are based on a legal duty independent of ERISA."  *See Baker Cty. Med. Servs. Inc.*, 2019 WL 5104773, at *5.  "[T]here must be no other independent legal duty that is implicated by a defendant's actions to trigger complete preemption."  *Id.* (quotations omitted).

### B.    Analysis

The undersigned recommends that Defendant has shown that Plaintiff's claim is completely preempted by ERISA.   The undersigned will address each requirement in turn.

### 1.    Standing Based on Assignments of ERISA Benefits

Defendant has submitted a Supplemental Declaration from Juanisha Jones, its Legal Affairs Representative, that states in relevant part: "Plaintiff indicated that it had obtained an assignment of benefits on 16 of the 22 ERISA claims for which it contends that it was not paid.  All 16 of these claims were denied."[5]  (Doc. 35 at 3.)  Defendant has also provided copies of the electronic claims submitted under the ERISA plans which indicate that Plaintiff obtained those assignments.[6]  (*See id.* at 3–4; Doc. 35-3.)

The subject ERISA plans contain various anti-assignment provisions, and "an unambiguous anti-assignment provision renders an assignment ineffective . . . ."  *See Connecticut State Dental Ass'n*, 591 F.3d at 1352.  However, at least one plan at issue (the "Publix Plan") explicitly allows for assignments to be made to in-network providers such as Plaintiff.  Specifically, the Publix Plan states in

---

[5] The Supplemental Declaration also states: "Although Plaintiff represented in an exhibit attached to its Complaint that it submitted a claim for all 22 unpaid ERISA claims, Florida Blue does not have 6 of the claim forms, which is why I am able to attach only 16 claim forms to this Declaration."  (Doc. 35 at 3.)

[6] As stated in the Supplemental Declaration, these documents indicate that Plaintiff answered "Y," meaning yes, when asked whether an assignment of benefits was obtained.  (*See, e.g.*, Doc. 35-3 at 7, 17.)

relevant part: "No member shall have any right to assign . . . his or her interest in this Plan or any payments to be made thereunder . . . .  However, benefit payments may be assigned by a member to a Network Provider of covered medical services for which the member is entitled to reimbursement under the Plan."  (*See* Doc. 35-2 at 12–13, 25–27, 32–34, 39–44.)

The undersigned recommends that this evidence is sufficient to establish, for the purpose of complete preemption, that Plaintiff obtained at least one valid assignment of benefits under an ERISA plan and thus has standing to sue under ERISA.  *See Connecticut State Dental Ass'n*, 591 F.3d at 1351–53.  In *Connecticut State Dental*, the Eleventh Circuit recognized that the subject plans, which contained language substantially similar to that in the Publix Plan, "specifically authorized the assignments" of dental benefits.  *Id.* at 1352.  Those plans stated in relevant part: "Notwithstanding the terms of any provision regarding the payment of benefits . . . a Member may assign the benefits to a Dentist or oral surgeon . . . in accordance with the Connecticut Laws concerning Assignment of Benefits to a Dentist or oral surgeon."  *Id.*  The Eleventh Circuit also stated that the subject assignments were valid despite the defendant's failure to "link any particular assignment to a particular ERISA plan . . . ."  *Id.* at 1353.  Additionally, in rejecting the argument that an assignment of the right to payment of benefits alone, as opposed to assignment of the claim, is insufficient to create standing, the Eleventh Circuit stated: "[A]ll one needs for standing under ERISA is a colorable claim for

benefits, and [t]he possibility of direct payment is enough to establish subject matter jurisdiction." *Id.* (quotations omitted).

Plaintiff argues that Defendant failed to establish that any of the subject assignments were valid in light of the anti-assignment provisions in the subject ERISA plans. (Doc. 36 at 6–7.) Specifically, Plaintiff argues that merely submitting evidence showing that Defendant had discretion to accept the assignments is insufficient. (*Id.*) The undersigned recommends that this argument be rejected. As set forth above, at least one plan at issue (the Publix Plan) explicitly allows assignments not subject to Defendant's discretion to be made to in-network providers such as Plaintiff. (*See* Doc. 35-2 at 12–13, 25–27, 32–34, 39–44.) Thus, regardless of whether Defendant, in its discretion, chose to accept assignments made under other plans (like the Blue Options Plans), the assignments of benefits made under the Publix Plan are effective.

Defendant argues that even the assignments subject to its discretion are effective for preemption purposes. Defendant states that each anti-assignment provision "provides discretion to the plan administrator to recognize the validity of an assignment of benefits, particularly where the health care claim is submitted by an in-network provider such as Plaintiff." (Doc. 35 at 4.) For example, the "Blue Options Plans" provide: "Except as set forth in the last paragraph of this section, we will not honor any of the following assignments . . . . We specifically reserve the right to honor an assignment of benefits or payment by you to a Provider who: 1) is In-Network under your plan of coverage . . . ." (*See, e.g.*, Doc. 35-2 at 2–3.)

The undersigned recommends that the Court need not address whether assignments under the Blue Options Plans, for example, are effective for preemption purposes because the assignment(s) made under the Publix Plan, which explicitly permits assignments to in-network providers like Plaintiff, are clearly effective.   The undersigned notes, however, that the anti-assignment provision in the Blue Options Plans does not appear to be "an unambiguous anti-assignment provision" as required to invalidate the assignments.  *See Connecticut State Dental Ass'n*, 591 F.3d at 1352.  It appears at least ambiguous because it allows assignments of benefits to in-network providers, subject to Defendant's approval.  (*See id.*)  Moreover, in light of Defendant's evidence and arguments regarding preemption, it would appear inconsistent for Defendant to later base denial of payment in this case on the invalidity of any such assignment.  Defendant notes that "none of the claims were denied on the basis that the assignment was invalid." (Doc. 35 at 4.)

## 2.    "Right to Payment" Challenges Under Section 502(a)

Despite the labels used in the Complaint, Plaintiff is challenging in part the non-payment of at least 16 claims for which it obtained assignments under ERISA plans.  (*See* Doc. 4; Doc. 4-1; Doc. 35 at 2–3.)  The non-payment of these claims amounts to coverage denials which give rise to a "right to payment challenge" resulting in complete preemption under section 502(a)(1)(B).  (*See* Doc. 35; Doc. 35-1.)  *See also Baker Cty. Med. Servs. Inc.*, 2019 WL 5104773, at *5 (finding

complete preemption under ERISA where plaintiff challenged the non-payment of certain claims under ERISA plans).

The fact that Plaintiff is also challenging the underpayment of other claims does not alter this result because "even a dispute about a single coverage determination under an ERISA-regulated plan establishes complete preemption." *See Sarasota Cty. Pub. Hosp. Bd. v. Blue Cross & Bule Shield of Fla., Inc.*, Case No. 8:18-cv-2873-T-23SPF, 2019 WL 2567979, at *3 (M.D. Fla. June 21, 2019) ("*Sarasota Hospital I*") (finding complete preemption under ERISA because "[a]lthough the plaintiff might correctly characterize some claims as challenges to the rate of payment, the plaintiff . . . also contests benefit determinations under ERISA (i.e., right to payment challenges)"). Thus, the undersigned recommends that Plaintiff's claim falls within the scope of section 502(a)(1)(B).

### 3. No Legal Duty Independent of ERISA

In a case directly on point, another court in this district addressed whether a contract between a healthcare provider and an insurer gave rise to legal duties independent of ERISA. *See id.* at *4. In holding that it did not, the court stated: "According to the plaintiff, the Provider Agreements impose an independent legal duty on the defendants. But because several of these purported breach of contract claims challenge the defendants' coverage determinations, ERISA, and not an independent legal duty, controls these claims." *Id.*

The undersigned recommends that *Sarasota Hospital I* is persuasive. Like the plaintiff in that case, Plaintiff is challenging in part several coverage denials for

claims submitted under ERISA plans that were not paid at all, which are controlled by ERISA.  (*See* Doc. 4; Doc. 4-1; Doc. 35; Doc. 35-1.)  Thus, the undersigned recommends that no other independent legal duty is implicated by Defendant's actions with respect to those claims.

### 4.    Plaintiff's Additional Arguments

Plaintiff argues that complete preemption under ERISA does not apply for several reasons.  The undersigned will address each argument in turn.[7]

### a.    Evidentiary Objections

Preliminarily, Plaintiff objects to paragraphs 6, 13, and 14 of Defendant's Supplemental Declaration of Juanisha Jones (Doc. 35), arguing that such evidence is inadmissible.  (Doc. 37.)  The undersigned recommends that these objections be overruled because Plaintiff has failed to address the correct standard for considering evidence on a motion to remand.

As the Eleventh Circuit has stated:

> In determining whether the district court has jurisdiction over a removed case . . . , a federal court may consider summary-judgment-type-evidence—meaning relevant evidence that would be admissible at trial.  Nevertheless, evidence does not have to be authenticated or otherwise presented in an admissible form to be considered at the summary judgment stage, as long as the evidence could ultimately be presented in an admissible form.

---

[7] Although the undersigned focuses primarily on the arguments made in Plaintiff's Supplemental Memorandum (Doc. 36), which directly address Defendant's supplemental evidence and arguments, the undersigned has also considered all relevant arguments in the Motion for Remand.  Those arguments do not change the recommendations herein.

*Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1156 n.2 (11th Cir. 2021) (citations and quotations omitted).  Upon review, it appears that the challenged information could be presented and admissible at trial as business records, and Plaintiff does not argue otherwise.  *See* Fed. R. Evid. 803(6).  Thus, the undersigned recommends that these objections be overruled.

### b.    Allegations of Complaint

Next, Plaintiff argues that the allegations in the Complaint establish that it is bringing a state law breach of contract claim as a party to the contract between itself and Defendant.  (Doc. 36 at 3–6.)  Thus, Plaintiff argues that it is not bringing a derivative action based on assignments of benefits under ERISA or challenging ERISA coverage determinations as required for complete preemption under ERISA.  (*Id.*)  The undersigned recommends that this argument be rejected.

As set forth above, the fact that Plaintiff has pleaded only a state law breach of contract claim is not dispositive because "[c]omplete preemption [under ERISA] is a narrow exception to the well-pleaded complaint rule . . . ."  *See Connecticut State Dental Ass'n*, 591 F.3d at 1333–34; *Baker Cty. Med. Servs. Inc.*, 2019 WL 5104773, at *4 ("[T]he plaintiff is the master of the complaint.  But when the plaintiff chooses to plead a cause of action completely preempted by federal law, the plaintiff is not always master of the forum.") (quotations omitted).  The cases cited by Plaintiff are readily distinguishable and do not support its position.  *See Gulf-to-Bay Anesthesiology Assocs., LLC v. United Healthcare of Fla., Inc.*, Case No. 8:20-cv-2964-CEH-SPF, 2021 WL 1718808 (M.D. Fla. Apr. 30, 2021) (holding that

complete ERISA preemption did not apply because the plaintiff alleged "rate of payment" rather than "right to payment" challenges); *Sarasota Cty. Pub. Hosp. Bd. v. Blue Cross & Blue Shield of Fla., Inc.*, Case No. 8:18-cv-2873-T-23SPF, 2021 WL 37605, at *1–6,  (M.D. Fla. Jan. 5, 2021) ("*Sarasota Hospital II*") (undertaking "another slog through the law of" ERISA, among other laws, and addressing "defensive" ERISA preemption at the motion to dismiss stage after having previously denied a motion to remand based on "complete" ERISA preemption at the jurisdictional stage).

### c.    Judicial Estoppel

Finally, Plaintiff argues that judicial estoppel bars Defendant from arguing that assignments under certain plans are valid.  (Doc. 36 at 7–10.)  "[T]he doctrine of judicial estoppel rests on the principle that absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory."  *Slater v. United States Steel Corp.*, 871 F.3d 1174, 1181 (11th Cir. 2017).

Plaintiff argues that Defendant previously prevailed on a motion to dismiss in another case by arguing that the same language in the anti-assignment provisions of the Blue Options Plans rendered void the assignments in that case. *See GVB MD, LLC v. Blue Cross & Blue Shield of Fla., Inc.*, Case No. 19-20455-CIV-MORENO, 2019 WL 5889200 (S.D. Fla. Nov. 12, 2019).  Thus, Plaintiff argues that Defendant is judicially estopped from now arguing that assignments under the

Blue Options Plans and other plans with similar language are valid.  (Doc. 36 at 7–10.)

The undersigned recommends that this argument be rejected.  As set forth above, in addition to the Blue Options Plans that contain the same or similar language at issue in *GVB*, at least one plan at issue here (the Publix Plan) explicitly allows assignments to in-network providers such as Plaintiff.  (*See* Doc. 35-2 at 12–13, 25–27, 32–34, 39–44.)   Moreover, the plaintiff in *GVB* was "'a non-participating, out-of-network provider' that [did] not have an express contract with the Defendant."  *See GVB MD, LLC*, 2019 WL 5889200, at *1.  Here, Plaintiff is an in-network provider that has a contract with Defendant, and the Blue Options Plans give Defendant discretion to accept assignments to in-network providers.  (*See* Doc. 33 at 1; Doc. 35-2 at 2–3.)  Thus, *GVB* is readily distinguishable, and Defendant is not pursuing an incompatible theory regarding the assignments at issue in this case.  Therefore, the undersigned recommends that judicial estoppel does not apply.[8]

### III.    Motion to Dismiss

The Motion to Dismiss raises several arguments similar to those raised in connection with the Motion to Remand, including that Plaintiff's breach of contract

---

[8] The only other case cited by Plaintiff in support of remand in the Supplemental Memorandum is readily distinguishable.  *See Sarasota Anesthesiologists, P.A. v. Blue Cross & Blue Shield of Fla., Inc.*, Case No. 19-cv-1518-T-02JSS, 2019 WL 3683796 (M.D. Fla. Aug. 6, 2019) (holding that complete preemption under ERISA did not apply because the plaintiff alleged only "rate of payment" rather than "right to payment" challenges).

claim must be recast as an ERISA claim.  (*See* Doc. 7.)  Specifically, Defendant argues in part that Plaintiff's attempt to plead around ERISA results in several pleading defects, including, for example, a failure to plead exhaustion of administrative remedies under ERISA.  (*See id.*)

Upon finding that complete preemption under ERISA provides subject matter jurisdiction, courts in this district have directed plaintiffs to file amended complaints that properly recast their claims before ruling on the substance of pending motions to dismiss.  *See Baker Cty. Med. Servs. Inc.*, 2019 WL 5104773, at *8 ("Because the Court has denied Plaintiff's Motion to Remand and this matter is firmly in federal court, should it seek to continue this lawsuit, Plaintiff is directed to file an amended complaint that complies with both the Federal Rules of Civil Procedure, pertinent law, and applicable standards of pleading."); *Sarasota Hospital I*, 2019 WL 2567979, at *5 (collecting cases).  The undersigned recommends that this Court do the same.  Therefore, if the Motion to Remand is denied, the undersigned recommends that the Motion to Dismiss be granted to the extent stated herein and that Plaintiff be directed to file an amended complaint as set forth above.[9]

## IV.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1.      The Motion for Remand (**Doc. 19**) be **DENIED**.

---

[9] Thus, the undersigned recommends that the Court need not address the substance of the arguments raised in the Motion to Dismiss at this time.

2.      The Motion to Dismiss (**Doc. 7**) be **GRANTED** to the extent that the

Complaint (**Doc. 4**) be **DISMISSED without prejudice**.

3.      Plaintiff be given twenty days from the Court's order on this Report

and Recommendation to file an amended complaint in accordance herewith.

**DONE AND ENTERED** in Jacksonville, Florida, on June 2, 2021.


JOEL B. TOOMEY
United States Magistrate Judge



Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record